Offshore Exploration & Prod., LLC v De Jong Capital, LLC (2025 NY Slip Op
51539(U))

[*1]

Offshore Exploration & Prod., LLC v De Jong Capital,
LLC

2025 NY Slip Op 51539(U) [87 Misc 3d 1211(A)]

Decided on September 30, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 30, 2025

Supreme Court, New York County

Offshore
Exploration and Production, LLC, Plaintiff,

against

De Jong Capital, LLC, Defendant.

Index No. 653659/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion
010) 468, 469, 470, 471, 473 were read on this motion to/for SEAL.

The following e-filed documents, listed by NYSCEF document number (Motion
011) 590, 591, 592, 593 were read on this motion to/for SEAL.

This is a breach of contract and negligent misrepresentation action. Plaintiff
Offshore Exploration and Development (OEP) alleges that defendant De Jong Capital,
LLC (De Jong) made misrepresentations regarding its intent to acquire a Peruvian oil and
gas company. It is asserted that defendants breached a "Mutual Confidentiality
Agreement" by sharing confidential information related to the acquisition of the oil
company with third parties.

In motion sequences 010 and 011, defendant moves to seal certain documents
submitted in support of, and in opposition to, the parties respective summary judgment
motions. Plaintiff opposes the sealing of documents identified in motion sequence 010.
No opposition to motion sequence 011 was filed. Both motions relate to the sealing of
the same documents and are consolidated herein for disposition.

Roberto Perez Silva is the chief financial and administrative officer of Offshore
International Group Inc., a company indirectly owned by defendant De Jong Capital. In
support [*2]of defendant's motion to seal, Silva submits
an affirmation (NYSCEF doc. no. 470). Silva avers that defendant's affiliate, nonparty Z
Mining LLC, entered into a Share Purchase Agreement with nonparty Ecopetrol S.A. and
Korea National Oil Corporation. The Purchase Agreement memorialized the sale of the
Peruvian gas company at issue in this litigation. The agreement was filed on the docket in
this case by plaintiff in support of its motion for summary judgment, along with drafts of
the agreement and bid information. Silva requests permanent sealing of the agreement
and other attendant documents.

According to Silva, the documents are confidential and have never been made
public. They purportedly contain detailed information regarding "earn-out" payments to
the nonparty entities and relate to ongoing legal proceedings between Offshore
International Group's subsidiary companies (who are also nonparties) and the Tax
Authority of Peru. Given the sensitive nature of the documents and ongoing proceedings,
Silva requests that the documents be prevented from becoming public.

In opposition, plaintiff submits that none of the documents contain trade secrets or
proprietary information and submits that the protective order in place provides sufficient
protection for any confidentiality concerns. It is plaintiff's view that the purchase
agreement is critical to the dispute before the court, and no compelling circumstances
exist that warrant sealing as there is a well-documented "broad presumption of public
entitlement to judicial proceedings" (NYSCEF doc. no. 473, para. 8). Plaintiff submits
that the relief sought by defendant is unnecessary and unwarranted.

In support of motion sequence 011, Silva submits the same affirmation, and makes
the same request for sealing, but identifies additional documents not referenced in the
prior motion — drafts and bid documents related to the same purchase agreement
submitted in opposition to defendant's motion for summary judgment (NYSCEF doc. no.
593). No opposition to motion sequence 011 has been filed.

Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal
documents upon a written finding of good cause. It provides:

"(a) [e]xcept where otherwise provided by statute or rule, a court shall not
enter an order in any action or proceeding sealing the court records, whether in whole or
in part, except upon a written finding of good cause, which shall specify the grounds
thereof. In determining whether good cause has been shown, the court shall consider the
interests of the public as well as the parties. Where it appears necessary or desirable, the
court may prescribe appropriate notice and an opportunity to be heard."

Thus, sealing has been found to be appropriate to preserve the
confidentiality of materials which involve internal finances of a party which are of
minimal public interest (D'Amour v Ohrenstein & Brown, LLP, 17 Misc 3d
1130[A], 2007 NY Slip Op 52207[U] [NY Sup Ct. NY County 2007]). This court
has discretion, on a case-by-case basis, to determine if good cause exists (Macheski v Gabelli Group Capital
Partners, 39 AD3d 499, 502 [2d Dept. 2007]).

Here, the court is satisfied that the affirmation of Roberto Perez Silva sets forth good
cause for sealing. Nonparties, potentially unaware of the instant action, should have their
private information protected  especially as it pertains to corporate financial
information (Mancheski,39 AD3d at 502 [finding sealing is warranted where
"disclosure could impinge on the privacy rights of third parties who clearly are not
litigants herein"]). While it is clear that the documents are relevant to the instant
litigation and speak directly to the heart of critical issues [*3]before the court, plaintiff has set forth no indication why
the public or press would have an interest in this matter. Absent an order from this court,
highly sensitive transaction documents implicating both the confidentiality obligations of
the parties and the privacy interests of nonparties will remain unrestricted on the docket.
A party "ought not to be required to make their financial information public . . . where no
substantial interest would be furthered by public access to that information." Sealing is
appropriate to preserve the confidentiality of materials which involve the internal
finances of a party and and are of minimal public interest (D'Amour, 17 Misc 3d
1130[A], 2007 NY Slip Op 52207[U] at *20). The court finds this especially to be so,
where, as here, the finances involved are related to nonparty entities who have no stake
in, and are not impacted by, the outcome of this suit (Dawson v White &
Case, 184 AD2d 246, 247 [1st Dept 1992] [sealing has been allowed in the absence
of legitimate public concern to counterbalance the interest of partners and clients in
keeping their financial arrangement private]).

Accordingly, it is hereby

ORDERED that defendant's motion to seal certain documents (motion seq. no. 010)
is granted, and the Clerk of the Court is directed, upon service on him of a copy of this
order with notice of entry, to seal NYSCEF doc. nos. 326, 431, 439, 447 and 461;

ORDERED that thereafter, or until further order of the court, the Clerk of the Court
shall deny access to the said sealed papers to anyone (other than the staff of the Clerk or
the court) except for counsel of record for any party to this case, any party, and any
representative of counsel of record for a party upon presentation to the County Clerk of
written authorization from said counsel and appropriate identification; and it is
further

ORDERED that defendant's motion to seal certain documents (motion seq. no. 011)
is granted, and the Clerk of the Court is directed, upon service on him of a copy of this
order with notice of entry, to seal NYSCEF doc. nos. 513, 514, 523, 524, 525, 526, 529,
530, and 531; and it is further

ORDERED that thereafter, or until further order of the court, the Clerk of the Court
shall deny access to the said sealed papers to anyone (other than the staff of the Clerk or
the court) except for counsel of record for any party to this case, any party, and any
representative of counsel of record for a party upon presentation to the County Clerk of
written authorization from said counsel and appropriate identification; and it is
further

ORDERED that service upon the Clerk of the Court shall be made in accordance
with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures
for Electronically Filed Cases (accessible at the "E-Filing" page on the court's
website).

DATE September 30, 2025
ROBERT R. REED, J.S.C.